IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE JACKSON, § | | |
| a/k/a LAWRENCE GENE PAGE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:22-cv-02664-G (BT) | |
| § | | |
| DALLAS COUNTY JAIL, § | | |
| Defendant. § | | |

| | | |
|---|---|---|
| LAWRENCE GENE JACKSON, § | | |
| a/k/a LAWRENCE GENE PAGE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:22-cv-02671-G (BT) | |
| § | | |
| DALLAS COUNTY COURT, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Previously, the Court severed these two civil actions by *pro se* Plaintiff Lawrence Gene Jackson, a former Dallas County Jail inmate, from a habeas case Jackson filed under 28 U.S.C. § 2254, *Jackson v. Dallas County Jail, et al.*, Case No. 3:21-cv-2482-G-BT. In both cases, Jackson has failed to comply with orders to plead his claims in conformity with the requirements of Rule 8(a) and to pay the filing fee or file a motion to proceed *in forma pauperis*. Therefore, the Court should dismiss both cases without prejudice.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

As stated, the Court severed these two civil actions from Jackson's § 2254 habeas case. In each newly-severed case, on December 1, 2022, the Court sent Jackson a Notice of Deficiency and Order (Case Number 3:22-cv-02664-G-BT, ECF No. 5; Case Number 3:22-cv-02671-G-BT, ECF No. 2), which ordered him (i) to file a complaint that complies with the requirements of Federal Rule of Civil Procedure 8(a) and on the court-approved form and (ii) to pay the filing fee or file a motion to proceed *in forma pauperis*. The Order further informed Jackson that failure to respond and cure the deficiencies by January 3, 2023, could result in a recommendation that his case be dismissed.

2

On December 15, 2022, in Case Number 3:22-cv-02664-G-BT, Jackson filed a response to a Magistrate Judge's Questionnaire (MJQ) issued by the Court, but—to date—he has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis* in that case; nor has he filed a complaint in compliance with Rule 8(a) and on the court-approved form. Jackson's current pleading fails to comply with Rule 8(a) because he fails to state how the Court has jurisdiction to hear his case or what relief he seeks. *See* Fed. R. Civ. P. 8(a)(1), (3). Therefore, the Court should dismiss without prejudice Case Number 3:22-cv-02664-G-BT pursuant to Federal Rule of Civil Procedure 41(b).

On December 28, 2022, in Case No. 3:22-cv-02671-G-BT, Jackson filed an amended complaint (ECF No. 7) on the proper form that complies with Rule 8(a). However, Jackson has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis* in that case. Consequently, the Court should dismiss Case Number 3:22-cv-02671-G-BT without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Court cannot screen Case Numbers 3:22-cv-02664-G-BT and 3:22-cv-02671-G-BT, and thus, litigation cannot proceed in either case, until Jackson cures the deficiencies. In both lawsuits, Jackson has failed to prosecute and also failed to obey court orders. Dismissal without prejudice is warranted under these circumstances.

Therefore, the Court should dismiss without prejudice under Rule 41(b) Case Numbers 3:22-cv-02664-G-BT and 3:22-cv-02671-G-BT.

**SO RECOMMENDED**.

January 5, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).